UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL PYLANT** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-189-BAJ-RLB** |
| **SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., ET AL.** | |

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

    Signed in Baton Rouge, Louisiana, on June 29, 2017.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DANIEL PYLANT                                              CIVIL ACTION

VERSUS

SEDGWICK CLAIMS MANAGEMENT                  NO. 17-189-BAJ-RLB
SERVICES, INC., ET AL.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand (R. Doc. 7) filed on April 27, 2017. The motion is opposed. (R. Doc. 10; R. Doc. 11). The removing defendants have filed a supplemental brief. (R. Doc. 16).

**I.     Background**

Daniel Pylant ("Plaintiff") commenced this action on November 2, 2016 in the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, naming as defendants Sedwick Claims Management Services, Inc. ("Sedwick"); Wayne Thomas Grow;[1] EAN Holdings, LLC ("EAN");[2] and 21st Century Centennial Insurance Company ("21st Century") (collectively, "Defendants"). (R. Doc. 7-2 at 1-4, "Petition"). Plaintiff alleges that he sustained personal injuries on January 5, 2016 when his vehicle was struck by a vehicle driven by Mr. Grow and leased from EAN. (Petition, ¶¶ 2-6). Plaintiff alleges that Sedwick and 21st Century have issued liability insurance policies that cover damages for the accident. (Petition, ¶¶ 8-9).

---

[1] Plaintiff identified this defendant as Wayne Thomas in the Petition. The Notice of Removal provides that the defendant's full name is Wayne Thomas Grow. (R. Doc. 1 at 1).
[2] Plaintiff identified this defendant as National Car Rental System of Baton Rouge, Inc. The Notice of Removal provides that the correct defendant is EAN Holdings, LLC. (R. Doc. 1 at 1).

2

>Plaintiff alleges that he sustained the following damages as a result of the accident:
>
>Physical pain, suffering and anguish (past, present and future); mental fright, shock, fear and anguish (past, present and future); medical expenses (past, present, and future); loss of enjoyment of life (past, present and future); disfigurement and disability; lost wages/earnings (past, present and future); property damage; and other elements of damages which he claims will be demonstrated at trial.

(Petition, ¶ 7). Plaintiff also seeks recovery of bad faith damages, penalties, and attorney's fees from Sedwick for arbitrary and capricious adjustment of Plaintiff's claim despite submission of proof of loss. (Petition, ¶ 10).

On March 7, 2017, Plaintiff responded to certain requests for admissions propounded by Sedwick. (R. Doc. 1-2). Sedwick's Request for Admission No. 2 stated "Please admit that the amount in controversy as to each plaintiff does not exceed $75,000, exclusive of interests and costs." (R. Doc. 1-2 at 1). Plaintiff's responses was "Denied. Plaintiff's claim is ongoing and at this time plaintiff cannot state that [his] claim is worth less than $75,000.00." (R. Doc. 1-2 at 1).

On March 27, 2017, Sedwick and Mr. Grow filed a Notice of Removal, asserting that the Court has diversity jurisdiction over the action, and that the foregoing response constitutes an "other paper" pursuant to 28 U.S.C. § 1446(b). (R. Doc. 1). The removing defendants assert that there is complete diversity because Plaintiff is a citizen of Louisiana; Mr. Grow is a citizen of Utah; Sedgwick is a citizen of Illinois and Tennessee; EAN is a citizen of Missouri; and 21st Century is a citizen of Delaware and Pennsylvania. (R. Doc. 1 at 1-2; R. Doc. 14 at 1-3).[3] The removing defendants assert that the amount in controversy requirement is satisfied in light of the allegations in the Petition and Plaintiff's responses to Sedwick's Requests for Admission. (R. Doc. 1 at 4-5).

---

[3] The removing defendants filed an Amended Notice of Removal (R. Doc. 14) on May 24, 2017, to properly assert the citizenship of Plaintiff and Mr. Grow.

3

On April 27, 2017, Plaintiff filed a Motion to Remand on grounds that the defendants have not met their burden of proving the amount in controversy. (R. Doc. 7).

## II.  Arguments of the Parties

In support of remand, Plaintiff argues that the amount in controversy requirement is not satisfied because he "does not demand a specific amount of damages" in the Petition. (R. Doc. 7-1 at 1).  More specifically, Plaintiff argues that the amount in controversy is not facially apparent in light of the broad categories of damages alleged in the Petition. (R. Doc. 7-1 at 3-4).  Plaintiff further argues that his denial of Sedwick's Request for Admission No. 2 does not support a finding that the amount in controversy requirement is satisfied. (R. Doc. 7-1 at 4-5).

In opposition, Defendants argue that in light of Plaintiff's response to Sedwick's Request for Admission No. 2, the amount in controversy is facially apparent. (R. Doc. 10 at 2; R. Doc. 11 at 2).  Defendants further argue that the decisions relied upon by Plaintiff are distinguishable because Plaintiff denied that the amount in controversy does not exceed $75,000, exclusive of interest and costs, and Plaintiff has not stipulated that the amount in controversy does not exceed $75,000, exclusive of interest and costs. (R. Doc. 10 at 3-4; R. Doc. 11 at 3-4).  Finally, Defendants argue that at least one decision supports a finding that the amount in controversy is satisfied where a plaintiff denies a request for admission similar to Sedwick's Request for Admission No. 2. (R. Doc. 11 at 5-6).

In a supplemental brief, the removing defendants assert (1) that on May 17, 2017, Plaintiff provided initial disclosures indicating that the known medical expenses to date are $32,017.40, and (2) that on May 19, 2017, Plaintiff provided in response to an interrogatory that he sustained a broken right knee cap requiring surgery, he incurred medical expenses totaling $32,017.40, and that he worked full time at an hourly rate of $11.50 but could not work due to the knee injury and surgery. (R. Doc. 16 at 1-2).  The removing defendants also assert that they

4

first obtained copies of Plaintiff's medical records and bills on June 19, 2017. (R. Doc. 16 at 2). Attached to the supplemental brief are copies of Plaintiff's medical bills (R. Doc. 16-1); copies of Plaintiff's medical records (R. Doc. 16-2); and Plaintiff's May 19, 2017 responses to interrogatories (R. Doc. 16-3).

### III.  Law and Analysis

#### A.  Legal Standards

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The removal statute, 28 U.S.C. § 1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

If removal is sought on the basis of diversity jurisdiction, then "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). If, however, the "State practice . . . permits the recovery of damages in excess of the amount demanded," removal is proper "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). Louisiana law provides that "a final judgment shall grant the relief to which the party in whose

5

favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." La. Code Civ. P. art. 862. Furthermore, in Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). This prohibition on alleging a specific amount of damages, however, "is not applicable to a suit on a conventional obligation, promissory note, open account, or other negotiable instrument . . . ." La. Code Civ. P. art. 893(B). Plaintiffs are also required to state whether there is a "lack of jurisdiction of federal courts due to insufficiency of damages." La. Code Civ. P. art. 893(A)(1).

The burden of proof is on the removing defendant to establish that the amount in controversy has been satisfied. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed $75,000. *See*, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

**B.  Analysis**

There is no dispute that there is complete diversity between the parties. Accordingly, the only issue with regard to whether the court has diversity jurisdiction is whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a).

"Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without

any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test." *See Davis v. JK & T Wings, Inc.*, No. 11-501, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012), *report and recommendation adopted*, 2012 WL 278685 (M.D. La. Jan. 31, 2012) (citing *Alderdice v. Lowe's Home Centers, Inc.*, No. 09-406, 2010 WL 371027 (M.D. La. Jan. 29, 2010); *Nelson v. Wal-Mart Stores, Inc.*, No. 09-302, 2009 WL 1098905 (W.D. La. Apr. 22, 2009), and numerous cases cited therein, *Fontenot v. Granite State Ins. Co.*, No. 08-1296, 2008 WL 4822283 (W.D. La. Nov. 3, 2008); and *Bonck v. Marriot Hotels, Inc.*, No. 02-2740, 2002 WL 31890932 (E.D. La. Dec. 30, 2002)). "When . . . the petition is vague regarding the types of injuries incurred and any future problems resulting from the incident, 'the court must conclude that it was not 'facially apparent' that the amount of damages would exceed $75,000.'" *Dunomes v. Trinity Marine Products, Inc*., No. 14-1968, 2014 WL 7240158, at *4 (E.D. La. Dec. 19, 2014) (quoting *Broadway v. Wal-Mart Stores,* No. 00-1893, 2000 WL 1560167, at *2 (E.D. La. Oct. 18, 2000)).

Here, the Petition does not provide sufficient facts for determining the severity of Plaintiff's injuries. As specifically set forth above, Plaintiff alleges various broad categories of damages commonly alleged in personal injury actions. (Petition, ¶ 7). There is no description of the alleged injuries occurred by Plaintiff (or to his vehicle) in the Petition. In accordance with Louisiana Code of Civil Procedure article 893(A)(1), Plaintiff does not demand a specific sum in the Petition. While Plaintiff seeks to recover certain bad faith damages from Sedgwick, the absence of any facts indicating the actual injuries suffered by Plaintiff makes it impossible for the Court to surmise how much such additional damages may be worth.

Based on the foregoing, the Court concludes that the amount in controversy requirement is not facially apparent. The Court will turn to whether Defendants have set forth any facts in controversy supporting a finding of the jurisdictional minimum.

Prior to removal, Plaintiff responded to Sedwick's Request for Admission No. 2 as follows:

**<u>Request for Admission No. 2</u>**

Please admit that the amount in controversy as to each plaintiff does not exceed $75,000, exclusive of interests and costs.

**<u>Response to Request for Admission No. 2</u>**

Denied. Plaintiff's claim is ongoing and at this time plaintiff cannot state that her claim is worth less than $75,000.00.

(R. Doc. 1-2 at 1). District courts within the Fifth Circuit have looked to responses to requests for admissions served prior to removal in determining whether the amount in controversy requirement is satisfied. Some courts have held that where plaintiffs denied that they were seeking less than the jurisdictional amount or admitted that they were seeking more than the jurisdictional amount, the amount in controversy is satisfied. *See*, *e.g.*, *Freeman v. Witco, Corp.*, 984 F. Supp. 443 (E.D. La. 1997) (amount in controversy requirement satisfied where the plaintiff denied that she would not seek damages or execute on any judgment rendered in her favor against any of the defendants in excess of $75,000); *Ives v. Kroger Texas L.P.*, No. 17-11, 2017 WL 1321000 (N.D. Tex. Mar. 17, 2017) (amount in controversy requirement satisfied where the plaintiff admitted that she was seeking damages in excess of $75,000), *report and recommendation adopted*, 2017 WL 1296598 (N.D. Tex. Apr. 7, 2017); *Garcia v. State Farm Lloyds*, No. 08-829, 2009 WL 10669517 (W.D. Tex. Feb. 3, 2009) (amount in controversy requirement satisfied where the plaintiff denied that she was seeking an amount exceeding $75,000).

8

Other courts have refused to find that the amount in controversy requirement is satisfied, despite the plaintiffs' denial that they were seeking less than the jurisdictional amount or admission that they were seeking more than the jurisdictional amount, in light of the allegations in the petition, other evidence in the record, or both. *See*, *e.g.*, *Cabrera v. Toys R US-Delaware*, No. 12-1319, 2012 WL 2935685 (E.D. La. July 17, 2012) (amount in controversy not satisfied in slip-and-fall action despite plaintiff's admission that she claimed damages in excess of the jurisdictional amount where the medical records evidenced that the plaintiff had only incurred $803 in medical expenses); *Hall v. Foremost Ins. Group*, No. 08-4065, 2008 WL 4507822 (E.D. La. Oct. 2, 2008) (amount in controversy not satisfied in insurance coverage lawsuit despite plaintiff's admission that the amount in controversy exceeded $75,000, where the policy limits at issue did not exceed $75,000); *Lund v. Wal-Mart Stores, Inc.*, No. 00-167, 2000 WL 264003 (E.D. La. Mar. 8, 2000) (amount in controversy not satisfied despite the plaintiff's denial that her damages did not exceed $75,000, where the plaintiff alleged that she sat in a chair that collapsed while shopping at the defendant's store).[4]

Based on the foregoing, the Court concludes that Plaintiff's denial to Sedwick's Request for Admission No. 2 is relevant summary judgment type evidence for determining whether the amount in controversy requirement is satisfied.[5] That said, in light of the supplemental briefing

---

[4] Plaintiff relies on *Boland-Manka v. Richard*, 13-692, 2014 WL 4202483 *3 (M.D. La. Aug. 22, 2014) for the proposition that Plaintiff's denial to Sedwick's Request for Admission No. 2 is insufficient evidence, without more, for establishing that the amount in controversy is satisfied. (R. Doc. 7-1 at 4-5). In *Boland-Manka*, the court did not find the amount in controversy to be satisfied where the plaintiff merely denied that the cause of action does not exceed $50,000.00. *Id*. at *3. Accordingly, the decision is inapposite. Furthermore, as discussed further below, the removing defendants have submitted additional evidence to clarify the amount in controversy.

[5] To be clear, Plaintiff denied that the amount in controversy as to each plaintiff does not exceed $75,000, exclusive of interests and costs. The Court recognizes that Plaintiff goes on to state in his response to the request for admission that his "claim is ongoing" and, accordingly, he cannot state "at this time" that his "claim is worth less than $75,000.00." This additional statement, made after an unequivocal denial, does not constitute a denial in part or refusal to admit or deny based on a reasonable inquiry of the facts. *See* La. Code. Civ. P. art. 1467(A). The denial at issue here is similar to the denial made in *Freeman v. Witco, Corp.*, 984 F. Supp. 443, 447 (E.D. La. 1997), in which the court concluded the amount in controversy

and the additional summary judgment type evidence submitted by the removing defendants, the Court need not determine whether Plaintiff's denial is sufficient, without more, for concluding that the jurisdictional amount is met.

When determining its jurisdiction, the Court may rely on submissions filed after removal, "so long as the post-removal filing sets forth facts developed at the time of removal." *Dixon v. Nan Ya Plastics Corp.,* No. 07-227, 2007 WL 4561136 at *4 (M.D. La. Dec. 20, 2007). This issue often arises in diversity actions where defendants submit after removal "summary judgment type evidence" to demonstrate that the amount in controversy was satisfied at the time of removal. The Fifth Circuit has consistently held that these post-removal documents may be considered. *See Simon v. Wal-Mart Stores, Inc.,* 193 F.3d 848, 851 n.10 (5th Cir.1999) ("post-petition affidavits are allowable only if relevant" to the time of removal); *Asociacion Nacional de Pescadores (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559, 565 (5th Cir. 1993) (where jurisdictional amount was facially ambiguous, court would considered post-removal affidavit as it was "still examining the jurisdictional facts *as of the time* the case [was] removed" even though the information itself was "submitted after removal"), *abrogated on other grounds by Marathon Oil Co. v. A.G. Ruhrgas,* 145 F.3d 211 (5th Cir. 1999); *Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883 (5th Cir. 2000) ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."); *Ditcharo v. United Parcel Service, Inc.,* 376 F. App'x 432, 436 (5th Cir. 2010) (facts supporting a finding of the requisite amount in controversy "should be set forth either in the removal petition (the preferred method), or by *subsequent* affidavit.") (emphasis added).

---

was satisfied where the plaintiff "denied" that he would not seek damages or execute a judgment in excess of $75,000, further stating, among other things, that the request was "premature."

Consistent with the foregoing, district courts within the Fifth Circuit have considered summary judgment type evidence submitted by the parties after removal to determine whether, at the time of removal, the amount in controversy requirement was satisfied. *See*, *e.g.*, *Moore v. Louisiana Generating, LLC*, No. 09-789, 2010 WL 565383, at *3 (M.D. La. Feb. 17, 2010) (considering discovery responses and medical records submitted with defendant's opposition to motion to remand); *Steed v. Chubb Nat'l Ins. Co.*, No. 15-6511, 2016 WL 403837, at *2 (E.D. La. Feb. 3, 2016) (considering medical records submitted with defendant's opposition to motion to remand); *Bonck v. Marriott Hotels, Inc.*, No. 02-2740, 2002 WL 31890932, at *4 (E.D. La. Dec. 30, 2002) (considering medical records and billing statements submitted with plaintiff's reply in support of plaintiff's motion to remand); *see also Dyson v. Advanced Bionics, L.L.C.*, No. 11-672, 2011 WL 6294314, at *5 (M.D. La. Nov. 22, 2011) (amount in controversy not satisfied where the defendant "did not submit [an] affidavit, medical information or medical treatment records in support of its opposition to the Motion to Remand"), *report and recommendation adopted*, 2011 WL 6259937 (M.D. La. Dec. 15, 2011); *Henderson v. Nexion Health at Minden, Inc.*, No. 13-2156, 2013 WL 5755677, at *2 (W.D. La. Oct. 22, 2013) (amount in controversy not satisfied where defendant "did not submit an affidavit, medical information or medical treatment records in support of its opposition to the motion to remand or allege any of these items in its notice of removal").

Considering both Plaintiff's denial that the amount in controversy does not exceed $75,000, and the additional evidence submitted by the removing defendants in their supplemental brief, the Court concludes that Defendants have met their burden of establishing that the amount in controversy requirement is satisfied.  The medical records indicate that on the day of the accident, Plaintiff was brought to the emergency room at Our Lady of the Lake Regional Medical Center, where he received an operation on a right patella (kneecap) fracture. (R. Doc.

16-1; R. Doc. 16-2). The medical bills indicate that Plaintiff incurred $689 in ambulance charges charged by the City-Parish Emergency Medical Services, and $30,011.40 in medical expenses charged by Our Lady of the Lake Regional Medical Center. (R. Doc. 16-1).[6] Plaintiff's interrogatory responses also provide that he was employed at a sports bar at $11.50 an hour at the time of the accident and did not receive any additional income until approximately six months later. (R. Doc. 16-3 at 3). Based on the foregoing, Plaintiff's recoverable medical expenses and lost wages alone approach, if not exceed, $40,000.

Moreover, Louisiana courts have awarded significant general damages where injured kneecaps have required surgery. *See*, *e.g.*, *Moody v. Cummings*, 37 So. 3d 1054, 1058-61 (La. App. 4th Cir. 2010) (affirming award of $60,000 for partial tear of the medial collateral ligament and chondromalacia patella in the right knee with necessary future arthoscopic surgery); *Makin v. Cont'l Ins. Co.*, 638 So. 2d 460, 462 (La. App. 5th Cir. 1994) (increasing award of general damages to $20,000 where kneecap was fractured in slip-and-fall and two surgeries were required); *Rutledge v. Tidewater Marine Serv., Inc.*, 597 So. 2d 1201, 1205 (La. App. 3d Cir. 1992) (affirming award of $50,000 in general damages where plaintiff injured patella and required surgery after slip-and-fall).

Considering the allegations in the Petition, and the summary judgment type evidence in the record, the Court concludes that Defendants have established that the amount in controversy requirement was satisfied at the time of removal.

## IV.    Conclusion

Based on the foregoing, the Court concludes that it has diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332.

---

[6] The Court is unable to verify the purported additional $85 charged by Radiology Associates and $1,232 charged by Professional Emergency Physician Associates identified by the removing defendants in the supplemental brief. (R. Doc. 16 at 2).

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 7) be **DENIED.**

Signed in Baton Rouge, Louisiana, on June 29, 2017.

　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**